FILED ENTERED
LODGED RECEIVED
MAR - 6 2012 DJ
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
For the
WESTERN DISTRICT OF WASHINGTON

**In Re: Subpoena Issued to Non-Party Microsoft Corporation**

**APPLE, INC., Plaintiff,**

**v.**

**SAMSUNG ELECTRONICS CO., LTD., Defendant**

Misc. Case No. MS12 027 MJP

**Related to Civil Action 5:11-cv- 01846 Pending in U.S. District Court for the Northern District of California**

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF NON-PARTY MICROSOFT TO QUASH SUBPOENA SERVED BY SAMSUNG**

Pursuant to Fed.R.Civ.P. 45(c)(3), non-party Microsoft respectfully moves to quash the subpoena for production of documents and a related deposition served February 27, 2012, on Microsoft's agent by Samsung Electronics, Co., ("Samsung"). The subpoena, served under the title of this Court by Samsung, provides an unreasonably short response time of only 8 days and is unduly burdensome in view of the documents requested and the complexity of the subject matter of the noticed deposition for which Microsoft would have to prepare one or more witnesses. A proposed order is attached.

## I. Background

### A. The California Litigation

The subpoena (attached as Exhibit 1) arises out of a patent infringement action initiated by Apple, Inc. against Samsung in the Northern District of California. Microsoft understands from discussion with Samsung's counsel that Samsung is attempting to prove that the Apple patent in suit is invalid over various prior art systems, among which are one or more systems

SEA47643

disclosed in Microsoft's U.S. Patent 7,933,632 (attached as Exhibit 2), entitled "Tile Space user Interface for Mobile Devices." The subpoena seeks documents and deposition testimony on the systems disclosed and claimed in the patent. See pages entitled "Deposition Topics" and "Tangible Items and Documents to be Produced" in Exhibit 1). More particularly, Microsoft understands that Samsung seeks evidence on embodiments of the patent, including early reductions to practice of systems within the claims, that Samsung might allege were part of the prior art as of a date even earlier than the date by which the patent itself constitutes prior art under 35 U.S.C. § 102(e).

The California Litigation was filed in April 2011. The Case Management Order in the case (Exhibit 3) indicates that discovery began at least as early as the date of the order ( August 25, 2011) and set a discovery cut-off date of March 8, 2012.

**B. The Subpoena**

This is the third subpoena to be issued to Microsoft from the California litigation; previous document subpoenas by Samsung and Apple were objected to by Microsoft as, *inter alia*, unreasonably broad and unduly burdensome, but with an offer to meet and confer to confine the subpoenas to a reasonable scope.[1]

The current subpoena was served on Microsoft's agent for service of process late in the day on February 27, 2012, and was not transmitted to Microsoft until after the close of business that day. The subpoena set a return date of March 8, the date of fact discovery close in the underlying action, effectively providing Microsoft only seven business days to gather and review documents and prepare at least one witnesses for the deposition. As indicated, the subpoena

---

1 Samsung served an additional subpoena on Microsoft on February 3, 2012, also requesting information about purported Microsoft products to be used as prior art against Apple. When Microsoft pointed out that the products identified did not originate with Microsoft, Samsung withdrew the subpoena.

requests documents and deposition testimony on embodiments of Microsoft's 632 patent, especially aimed at evidence of pre-filing conception and reduction to practice.

The subpoena requests the following documents to be produced:

1. Any and all documents sufficient to show the conception date of US Patent No. 7,933,632 82, titled "Tile Space User Interface for Mobile Devices."
2. Any and all documents sufficient to show the reduction to practice date of US Patent No. 7,933,632 B2, titled "Tile Space User Interface for Mobile Devices."
3. Documents sufficient to show that the systems and methods disclosed in US Patent No. 7,933,632 B2 were part of the prior art before March 1, 2006.
4. For each of the Documents produced in response to this subpoena, all Documents necessary to understand, determine, and interpret the meaning of all codes, acronyms, symbols, abbreviations, or other methods of identification necessary to completely and fully interpret those Documents

The subpoena further requests 30(b)(6) testimony on the following topics:

1. The conception and reduction to practice date of the systems and methods disclosed in US Patent No. 7,933,632 B2, titled "Tile Space User Interface for Mobile Devices."
2. The inventors and other persons responsible for the conception and reduction to practice of the systems and methods disclosed in US Patent No. 7,933,632 B2.
3. The systems and methods disclosed and claimed in US Patent No. 7,933,632 B2, including the graphical user interface and method for navigating through an information space disclosed therein.
4. The existence of devices or systems developed by YOU that employ the methods disclosed and claimed in US Patent No. 7,933,632 B2, and the dates from which such systems were in public use.
5. The names, locations, titles, and responsibilities of the persons most knowledgeable about each of the topics above.
6. The authenticity and admissibility of the Documents described in Attachment B, as business records pursuant to F.R.E. 803(6) or otherwise.

The 632 patent is directed to complicated technology. The patent discloses several embodiments of the claimed interface systems. It has 15 figures, 16 columns of specification text, and lists seven inventors.

Counsel for Microsoft and Samsung have communicated to try to narrow the requests and provide Microsoft more time to search for documents and prepare witnesses, but no agreement

has been reached. Samsung has indicated it is constrained by the March 8 discovery close, but that is clearly a box it placed itself into by waiting until the end of the discovery period to serve the subpoena. Samsung also does not appreciate the ramifications the testimony it seeks could have on Microsoft, requiring testimony on its own patent that, based on an inadequate time to investigate and prepare, may not properly protect its interests.

The Court should quash the subpoena because it places an undue burden on Microsoft in view of the insufficient time allowed for response. It does not provide reasonable time for Microsoft to prepare the one or more witnesses necessary to testify on the topics, or to search for and review the documents called for by the subpoena in order to prepare the witnesses in the first place, particularly in view of the potential effect on Microsoft's interests in the subject 632 patent if the testimony turns out to be incomplete or less favorable to Microsoft's interests than it might have been because the witnesses could not be adequately prepared.

## II.     Samsung's Subpoena Should Be Quashed
### A.     Fed.R.Civ.P. 45 Protects Third Parties from Undue Burden

Rule 45, which governs discovery directed to a third-party, states in relevant part: "On timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). The party or attorney responsible for issuing the subpoena has an express obligation under Rule 45 to narrowly tailor the subpoena to avoid imposing undue burden:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Fed.R.Civ.P. 45(c)(1). Many courts have noted that non-parties are particularly vulnerable to abuses of discovery and are afforded protection in responding to a subpoena. Such protection

includes the quashing of a subpoena that is overbroad or subjects the non-party to undue burden in responding. See, *e.g.*, *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53-54 (S.D.N.Y. 1996) (overbroad subpoena quashed); *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (approving district court's quashing of overbroad subpoena as opposed to modification of subpoena by court). In light of the potential for abuse, the Court of Appeals for the Ninth Circuit has stated:

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start, see Fed. R. Civ. P. 45(a)(1)(D), but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness.

*Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004).

**B. The Subpoena Subjects Microsoft to Undue Burden and Possible Prejudice**

Samsung clearly did not exercise good judgment in serving this subpoena with only little time left in the discovery period, thus weighting Microsoft with the burden of Samsung's own delay. The subpoena requests both documents and testimony within barely over a week from its service date. The time period is unreasonably short on its face.

Rule 45 subpoenas permit discovery from non-parties that is "equivalent to discovery from parties under Rule 34." Judge David Hittner et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial* – 5th Cir. Ed. 11-68 (Rutter Group 2006). Accordingly, "Rule 45 subpoenas are subject to the same scheduling orders and deadlines as other forms of discovery." *Alper v United States*, 190 F.R.D. 2812 284 (D. Mass. 2000) (quoting *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 443 (D. Minn. 1997)) ("Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery' as enumerated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery."). As such, the

subpoena should have been served in time to allow at least the 30 days turn-around of Fed.R.Civ.P. 34.

The deposition topics are intimately related to the subject matter of the requested documents, and given that Microsoft may need the documents to prepare its witnesses, the unreasonableness of the document request infects the deposition notice. Yet the notice period for the deposition is unreasonably short on its own; courts have disallowed subpoenaed depositions on notice as short as here. *Anderson v. Shell Oil Co.*, 1996 WL 280792*1 (D.C. La. 1996)(Seven days unreasonably short notice in view of information requested); *Donahoo v. Ohio Dept. of Youth Services*, 211 FRD 303, 306 (N.D. Ohio 2002)(One week notice not sufficient).  See, also, *In re Stratosphere Corp. Securities Lit.*, 183 FRD 684, 687 (D. Nev. 1999) (Subpoena quashed on six-day (including weekend) notice; "at least 10 days' notice is customary" for any deposition under the "reasonable notice" standard of Rule 30(b)(1)) (citation omitted).

Taken together, the burden for the documents and the deposition preparation is unreasonably high, particularly in view of the importance of the subject matter to Microsoft itself. The Microsoft patent at the core of the discovery has seven inventors and a multitude of embodiments and inventive concepts that could be the subject of deposition questioning. Microsoft may need to interview multiple inventors and search for and gather documents to even begin to piece together evidence of conception and reduction to practice of the various embodiments. And this assumes that the inventors are even available to be interviewed on essentially no notice in the first place. Seven days is simply not enough time, especially in view of what could be at stake for Microsoft.

At some point, this patent could be in litigation or in a reexamination in which Microsoft may need to defend it against prior art by relying on evidence of conception and actual reduction

to practice. If, because of inadequate time to determine the story of the development of the patent and prepare inventors or others to testify, the deposition results in Microsoft's witnesses having testified incompletely, including as to dates later than Microsoft might have proven with better preparation time, Microsoft's ability to prove actual better dates in the future may be compromised.

Microsoft should not be required to rush to meet a deadline in a case it is not part of. Samsung waited until too late in the discovery period to seek evidence, but Samsung may not make its emergency Microsoft's. Given the discovery deadline of March 8 and Samsung's delay, the subpoena should be quashed.[2]

### C. The Subpoena Is Further Objectionable as Overbroad and Vague

Separate apart from the timing and burden issues, and the associated issue of prejudice, the subpoena is objectionable on numerous other bases. For example, the document portion of the subpoena seeks "any and all" documents for categories 1 and 2, and "all" documents for category 4, demands that are unreasonable on their face. Representative documents are all that any party, especially a non-party to the suit, should be required to produce. With respect to topic 3, the subpoena is vague and burdensome in requiring Microsoft , in essence, to make a demonstration that embodiments disclosed in the patent "were part of the prior art" prior to a certain date. With respect to topic 4, the subpoena is vague as to its request for "all documents necessary to understand, determine, and interpret" all other documents otherwise produced.

---

[2] As part of the parties' negotiation on the subpoena, Samsung had offered to forego the document portion of the subpoena in return for a shorter deposition that would (had to) take place on March 8. Similarly, Samsung had offered to forego the deposition in return for an affidavit attesting to conception and reduction-to-practice dates for some six concepts from the patent. However, Microsoft would still have had to search for and collect documents to interview its inventors, so the burden was not lessened. Because of the inability to reach an agreement and the impendency of the noticed deposition date, Microsoft is forced to file this motion.

Aside from being burdensome ("all documents"), the request is vague, for example, in requiring Microsoft to guess what would be necessary for Samsung (or some other unidentified reader) to "understand" the documents of the previous categories.

Each of the topics is also overbroad and unduly burdensome with regard to their references to the patent in general with no specificity as to which portions of the patent are relevant to the underlying dispute. Although Samsung has offered to narrow this subject matter, even the resultant topics are still unduly broad, and the narrowing does nothing to narrow the universe of documents that would still have to be reviewed to identify those related to the "new" topics.

Likewise, the deposition categories are objectionably vague and burdensome. For example, the request for testimony as to conception and reduction to practice of "systems and methods disclosed and claimed" requires Microsoft to evaluate all of its systems within this sphere of technology to determine whether they are disclosed by the patent or within its claims. Similarly, the request for testimony as to "the existence of devices or systems developed by [Microsoft] that employ the methods disclosed and claimed" also requires Microsoft to evaluate whether any of its products are disclosed or claimed in the patent, but is even more burdensome because it is unlimited as to time. Such requests, which are not limited to particular products or systems, and the burden they impose are contrary to the requirement of Fed.R.Civ.P. 30(b)(6) that a deposition notice for a corporate representative "describe with reasonable particularity the matters on which examination is sought."[3]

The vagueness and overbreadth of the subpoena highlight the improper burden it imposes and the unreasonableness of the time allotted for a response.

[3] Microsoft intends to separately serve on Samsung full objections to the documents and deposition categories requested by the subpoena by March 8.

## III. The Subpoena Should Be Quashed in Its Entirety Rather than Merely Modified

Although this Court may modify rather than quash a subpoena, it should not take this narrower option here. A subpoena for which any reasonable time modification would take it outside the discovery period of the underlying action should instead be quashed entirely. This is particularly true where, as here, the party seeking discovery delayed serving the subpoena to a point that the return period, already unreasonably short, was set for the last day of discovery.

As Rule 45 subpoenas are discovery, they "must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999). Since this subpoena was served barely a week before the discovery close in the underlying case, any reasonable time for response would have been beyond the deadline. Serving a subpoena with a deadline-busting response date is clearly proscribed by the discovery rules. *Marvin Lumber*, 177 F.R.D. at 445 (Granting "informal" motion under Rule 26(c) to prohibit defendant from serving third-party subpoenas having a return date beyond the discovery cut-off.) Modification of the subpoena's return date here would bring about the same improper result as if Samsung, with its February 27 service, had originally set a reasonable response period, but one that nonetheless extended beyond the deadline. Since Samsung itself brought about the delay, the subpoena should be quashed entirely.

## IV. Conclusion

The subpoena served by Samsung would be unduly burdensome to respond to under any circumstances. In view of the unreasonably short time period allotted for response, the end of which coincides with the discovery cut-off in the underlying action, the subpoena should be quashed in its entirety.

Dated: 3/6/2012

Respectfully Submitted,

WOODCOCK WASHBURN LLP

By /s/ Michael J. Swope

Michael J. Swope WSBA (#31,956)
999 3rd Ave, #3600
Seattle, Washington 98104
206-332-1380

Gary H. Levin
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, Pennsylvania 19104
215-568-3100

Attorneys for Microsoft Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing "Motion and Memorandum in Support of Motion of Non-Party Microsoft to Quash Subpoena Served by Samsung" was e-mailed to the following on this 6th day of March, 2012.

Patrick Schmidt
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
PatrickSchmidt@quinnemanuel.com

Mark D. Selwyn
Wilmer Cutler Pickering
Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304
mark.selwyn@wilmerhale.com

Brian Larivee, Esq.
Wilmer Cutler Pickering
Hale and Dorr, LLP
60 State Street
Boston MA 02109
brian.larivee@wilmerhale.com

By ________________________